IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD ALAN DUELL,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF HONOLULU, HONOLULU POLICE DEPARTMENT, FIRST CIRCUIT COURT OF HAWAII,<br><br>Defendants. | CIV. NO. 25-00538 JAO-RT<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THIS CASE WITH PREJUDICE |

**FINDINGS AND RECOMMENDATION TO**
**DISMISS THIS CASE WITH PREJUDICE**

On December 26, 2025, pro se Plaintiff Todd Alan Duell ("Plaintiff") initiated this action by filing his *Complaint*. ECF No. 1. On December 30, 2025, Plaintiff filed his *First Amended Complaint* ("FAC"). ECF No. 7. While the FAC names defendants besides Defendant City and County of Honolulu ("County"), none were served other than the County, which on January 26, 2026, filed a motion to dismiss the *FAC*. ECF Nos. 7 & 10.

On March 25, 2026, the district judge issued an order dismissing the *FAC* and permitting leave to file a *Second Amended Complaint* ("SAC") by no later than April 27, 2026. ECF No. 14. The Court further noted that:

> [A]lthough Plaintiff lists at least two other defendants in his FAC, he has not effectuated service on anyone other than the County. **Plaintiff has until May 27, 2026 to effectuate service of the operative complaint; otherwise, any such complaint risks dismissal against defendants who have not been served**.

*Id*. at PageID.217 (emphasis added).

On April 23, 2026, Plaintiff timely filed a *SAC*, which is the operative complaint here. ECF No. 16. On May 6, 2026, the County filed its *Motion to Dismiss Second Amended Complaint, Filed on April 23, 2026*. ECF No. 17. On July 29, 2026, the district judge dismissed all claims against the County without leave to amend. ECF No. 28. In her dismissal order the district judge stated: "despite warnings that the Court would dismiss the other defendants if Plaintiff did not properly serve them, Plaintiff has not done so." *Id*. at PageID.450.

Notably, while the *SAC* names defendants besides the County, again, none of these other defendants – Defendants Honolulu Police Department and First Circuit Court of Hawaii ("Unserved Defendants") – have been served at all, much less by the May 27, 2026 service deadline ordered by the district judge. ECF No. 16; ECF No. 14 at PageID.217. Summons were not issued the two *Unserved Defendants* and Plaintiff did not file any proof of service documents. Accordingly, the docket fails to reflect service on the *Unserved Defendants*.

To date, nearly five (5) months have passed since the May 27, 2026 service deadline for the *Unserved Defendants* expired. That coupled with the district

judge's clear and unambiguous advisory that "Plaintiff [had] until May 27, 2026 to effectuate service of the operative complaint; otherwise, any such complaint risks dismissal against defendants who have not been served[,]" now warrants dismissal of the *Unserved Defendants* and the *SAC*. ECF No. 14 at PageID.217.

The burden is on the party claiming proper service to establish valid service. *Cranford v. United States*, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005); *Federal Practice & Procedure* § 1353 ("The great weight of the case law is to the effect that the party on whose behalf service has been made has the burden of establishing its validity."). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under *Fed. R. Civ. P*. 4." *Cranford v. United States*, 359 F. Supp. 2d at 983 (quoting *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988)). Although the Ninth Circuit requires the Court to liberally construe the pleadings and motions filed by pro se litigants, "[p]ro se litigants [are required to] abide by all local, federal, and other applicable rules and/or statutes." *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003); LR81.1(a).

It is well-established that the Court may dismiss an action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *States S. S. Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970). The overarching theme of Rule 41(b) is to encourage a plaintiff to

prosecute his case with "reasonable diligence[.]" *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). In addition, *Local Rule* 16.1 directs all litigants to "proceed with diligence to take all steps necessary to bring an action to readiness for trial." When a litigant fails to prosecute the case with such diligence, the court may impose sanctions, including dismissal of the case. LR16.1.

"District courts have inherent power to impose sanctions to manage their cases and courtrooms effectively, ensure the orderly administration of justice, and to enforce compliance with their orders." *Smith v. Premiere Valet Servs., Inc.*, Case No.: CV 19-09888-CJC-(MAAx), 2022 WL 1153368, at *8 (C.D. Cal. Mar. 4, 2022) (citing *Int'l Union, United Mine Workers of Am. V. Bagwell*, 512 U.S. 821, 831 (1994); *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 965 (9th Cir. 2004)) (citation omitted). "Indeed, 'district courts cannot function efficiently unless they can effectively require compliance with reasonable rules. Absence of meaningful power to require that compliance would make for disorder and preclude effective judicial administration at the trial court level.' " *Smith*, 2022 WL 1153368, at *8 (quoting *Chism v. Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328, 1332 (9th Cir. 1981), *overruled on other grounds by Bryant v. Ford Motor Co.*, 832 F.2d 1080 (9th Cir. 1987)).

To determine whether to dismiss a case for lack of prosecution, the court must weigh the following five factors: (1) the public's interest in expeditious

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("Pagtalunan factors"). *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). For the reasons set forth below, the Court finds that dismissal of this action is appropriate given Plaintiff's failure to prosecute, failure to serve and otherwise comply with the Court's clear directives and deadlines.

**First**, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending since December 26, 2025, and Plaintiff still has not served the *Unserved Defendants*. Fed. R. Civ. P. 4(m) sets the deadline to serve:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.* (emphasis added).

To date, nearly ten (10) months have elapsed since the filing of the initial *Complaint* and the *FAC*. ECF Nos. 1 & 7. Moreover, nearly six (6) months have elapsed since Plaintiff filed the *SAC*. ECF No. 16. The fact that Plaintiff has yet to

serve the *Unserved Defendants* is solely attributed to Plaintiff's conscious inaction and lack of diligence.

**Second**, the Court's need to manage its docket weighs strongly in favor of dismissal because Plaintiff's failure to timely and properly serve the *Unserved Defendants* has interfered with the Court's ability to manage its docket. Plaintiff's lack of diligence has prevented the Court from doing its most basic and fundamental functions, such as convening a Rule 16 scheduling conference and entering a scheduling order. Without a scheduling order, it is impossible to address, much less resolve the substantive claims and issues attending this case. Plaintiff's non-compliance with the Court's directives and deadlines has effectively stalled these proceedings and prevented the Court from efficiently managing this case. The Court has been required to reschedule court proceedings and deadlines all because Plaintiff fails to conduct himself as a responsible and conscientious litigant. This has been disruptive and forced the Court to unnecessarily devote time and attention to a case that Plaintiff appears to have abandoned.

**Third**, the risk of prejudice to the *Unserved Defendants* is potentially great. They will suffer prejudice if this case continues to languish without Plaintiff meeting his most basic obligations such as timely and properly serving the *SAC*, complying with Court orders and deadlines, and otherwise diligently prosecuting this action. Plaintiff's non-compliance and inaction have impaired the Unserved

Defendants' right to service and defend themselves. Ultimately, this threatens interference with resolution of this case. See *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

**Fourth**, under the circumstances of this case, less drastic sanctions short of dismissal would not be effective. The Court previously reminded Plaintiff of his obligation to serve the SAC on the *Unserved Defendants*, yet this has been for naught. ECF No. 14 at PageID.217. Plaintiff has had nearly six (6) months to serve the SAC and has not done so. ECF No. 16. The district judge plainly warned Plaintiff that failure to comply with the Court's instructions and serve the *Unserved Defendants* by May 27, 2026, may result in dismissal of this action. ECF No. 14 at PageID.217. Given the foregoing, the Court finds it would be futile to recommend a lesser sanction because Plaintiff has failed to comply with the Court's prior directives and otherwise take the necessary steps to prosecute this action.

**Fifth** and finally, public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citation omitted). This factor weighs against dismissal. However, this Court finds that because four of the factors weigh in favor of dismissal, this final factor is outweighed. Accordingly, dismissal is appropriate.

Under the present circumstances, the Court not only finds that four of the five Pagtalunan factors weigh in favor of dismissal but that they also weigh "strongly" in favor of dismissal. *See In re Lagmay*, Civ. No. 15-00166 DKW-RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015), *aff'd sub nom*., *Lagmay v. Nobriga*, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22, 2016) (dismissal with prejudice is appropriate when at least three of the Pagtalunan factors weigh "strongly" in support of dismissal). *Id*. Accordingly, the Court finds that dismissal with prejudice is appropriate and recommends that the district court dismiss the *SAC* and *Underserved Defendants* with prejudice.

//

//

//

//

//

//

//

//

//

//

//

## CONCLUSION

For the foregoing reasons, the Court **FINDS** and **RECOMMENDS** that the district court **DISMISS the *SAC* and *Unserved Defendants* WITH PREJUDICE**.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, October 22, 2026.

Rom A. Trader
United States Magistrate Judge